UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RANDALL SMITH, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | 2:09-cv-01047 JWS <br><br> ORDER AND OPINION <br><br> [Re: Motion at Docket 27] |

## I. MOTION PRESENTED

At docket 27, plaintiff Joe Hand Promotions, Inc. moves for summary judgment "in its entirety" against defendant Randall Smith, individually, and as officer, director, shareholder, and/or principal of Clock Tower Operations, LLC, d/b/a Mickey's, a/k/a Mickey's Hangover, pursuant to Federal Rule of Civil Procedure 56. Defendant Randall Smith, who is *pro se*, did not file an opposition. Oral argument was not requested, and it would not assist the court.

## II. BACKGROUND

This action arises from the alleged unlawful interception and broadcast of the UFC #91 Program ("the Program") at Mickey's Hangover on November 15, 2008. Joe Hand Promotions, a business that distributes the rights to pay-per-view events to commercial entities for a fee, purports to have been granted the right to commercially distribute the Program via closed circuit television and encrypted satellite signal.

On November 15, 2008, a portion of the Program was exhibited on televisions at Mickey's Hangover, a commercial bar and restaurant business. Joe Hand Promotions did not authorize Mickey's Hangover to exhibit any portion of the Program. Randall Smith was a principal of Clock Tower Operations, LLC, d/b/a Mickey's, a/k/a Mickey's Hangover on November 15, 2008. Mr. Smith was not authorized to exhibit the Program.

On May 18, 2009, Joe Hand Promotions filed a complaint against Randall Smith individually, and as "officer, director, shareholder and/or principal of Clock Tower Operations, LLC, and against Clock Tower Operations, LLC, d/b/a Mickey's, a/k/a Mickey's Hangover," alleging claims under 47 U.S.C. § 605(a) and 47 U.S.C. § 553. Plaintiff's complaint alleges in pertinent part,

> 31. Without further discovery from and/or admission by Defendants, Plaintiff cannot determine if Defendants intercepted Plaintiff's signal via a cable system, in violation of 47 U.S.C. § 553, or via a satellite transmission, in violation of 47 U.S.C. § 605. As such, Plaintiff is alleging two (2) counts in its Complaint, alleging that Defendants violated 47 U.S.C. § 553 and 47 U.S.C. § 605. However, Plaintiff recognizes that Defendants can only be liable for only one (1) of these statutes.[1]

---

[1] Doc. 1 at p. 7.

The complaint further alleges that plaintiff is entitled to damages in the amount of up to $110,000 as to each defendant as a result of defendants' willful violation of § 605(a), or damages in the amount of up to $60,000 as a result of defendants' violation of § 553.

Plaintiff served defendants Randall Smith and Clock Tower Operations, LLC with the summons and complaint. Mr. Smith filed an answer, as well as answers to plaintiff's requests for admissions. In his answer, Mr. Smith admitted that an employee of Mickey's Hangover made an unauthorized broadcast of the Program, but denied that he "was responsible for, allowed, condoned, or permitted the activities."[2] In his answers to plaintiff's request for admissions, Mr. Smith admitted that he was a principal of Clock Tower Operations, LLC on November 15, 2008, that plaintiff did not authorize Clock Tower Operations, LLC or Randall Smith to exhibit the Program on November 15, 2008, and that Mickey's Hangover received direct financial benefit from the occurrences at Mickey's Hangover on November 15, 2008. Mr. Smith denied that he received a financial benefit from Mickey's Hangover's operations on November 15, 2008, and stated that he "was not personally present and has no knowledge on what was broadcast, but will admit on information and belief based on proof from Plaintiff that the Program was broadcast" at Mickey's Hangover on November 15, 2008.[3]

Defendant Clock Tower Operations, LLC has not appeared or answered. According to the Joint Case Management Report, Clock Tower Operations, LLC is "a

---

[2]Doc. 16 at p. 2.

[3]Doc. 27-2 at p. 22.

petitioner in a bankruptcy filed on March 3, 2009 and is therefore protected by the automatic stay in bankruptcy."[4]

### III. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[5] The moving party has the burden to show that material facts are not genuinely disputed.[6] Once the moving party meets its burden, the nonmoving party must demonstrate that a genuine issue of fact exists by presenting evidence indicating that certain facts are disputed so that a fact-finder must resolve the dispute at trial.[7] The court views this evidence in the light most favorable to the nonmoving party and draws all justifiable inferences from it in favor of the nonmoving party.[8]

### IV. DISCUSSION

Plaintiff requests the court to enter an order granting summary judgment as to liability against defendant Randall Smith individually, and as officer, director, shareholder, and/or principal of Clock Tower Operations, LLC, and to order further proceedings regarding the amount of damages and costs and fees. Plaintiff contends

---

[4] Doc. 20 at p. 3.

[5] Fed. R. Civ. P. 56(c)(2).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[8] *Id.* at 255; *Soldano v. United States*, 453 F.3d 1140, 1143 (9th Cir. 2006).

that it is entitled to summary judgment "as there remain no material issues of genuine fact to present to the trier of fact based on Defendant's admissions in his responses to Plaintiff's Request for Admissions."[9] The court disagrees.

Despite the fact that defendant Smith failed to file a brief in opposition to the motion for summary judgment, summary judgement against defendant Smith is not appropriate under Rule 56 because the "pleadings, the discovery and disclosure materials on file, and any affidavits [fail to] show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law."[10]

While it is undisputed that the Program was shown at Mickey's Hangover on November 15, 2008, and that Mickey's Hangover and defendant Smith were not authorized by plaintiff to exhibit any portion of the Program, there are genuine issues of material fact as to the manner in which the Program was intercepted and exhibited, and who is liable for both the interception and the exhibition of the Program at Mickey's Hangover.

Plaintiff's complaint alleges claims under both 47 U.S.C. § 553 and 47 U.S.C. § 605, but indicates that plaintiff has not determined whether the Program was intercepted via a cable system in violation of § 553 or via a satellite transmission in violation of § 605. To the contrary, plaintiff's complaint alleges that defendants "either used an illegal satellite receiver, misrepresented their business establishment as a

---

[9]Doc. 27 at p. 2.

[10]Fed. R. Civ. P. 56(c)(2).

residence or engaged in 'mirroring' by taking a legitimate receiver from their home to their business establishment in order to intercept Plaintiff's broadcast" or "intercepted Plaintiff's signal via a cable system."[11]

"There are potentially intricate issues of overlap and distinction between these statutes, one of which speaks more to cable television, and the other more to satellite television."[12] "[L]iability under section 605 requires proof that a defendant has '(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff'" by wire or radio.[13] The statute further defines communications by wire or radio as including satellite cable programming.[14] Section 553 provides in pertinent part, "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

In its motion for summary judgment, plaintiff baldly asserts that defendants intercepted the Program via satellite, but does not provide any evidence in support of its assertion. The affidavit of the investigator who observed a portion of the Program being broadcast at Mickey's Hangover on November 15, 2008, stated that neither a cable box

---

[11]Doc. 1 at pp. 5, 7.

[12]*Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 349 n.1 (9th Cir. 1999).

[13]*California Satellite Systems v. Seimon*, 767 F.2d 1364, 1366 (9th Cir. 1985) (quoting *National Subscription Television v. S & H TV*, 644 F.2d 820, 826 (9th Cir. 1981)).

[14]47 U.S.C. § 605(d)(6).

nor a satellite receiver was visible on the premises.[15]  Because questions remain as to the manner of interception, it is unclear which statute applies.

In addition, plaintiff has failed to demonstrate that no material questions of fact remain.  Thus, it is not entitled to judgment as a matter of law as to Mr. Smith's personal liability or his liability as a member of Clock Tower Operations, LLC.   In its  motion for summary judgment, plaintiff summarily argues,

> Since Defendant has admitted that individual defendant Randall Smith was a principal of Clock Tower Operations, LLC d/b/a Mickey's a/k/a/ Mickey's Hangover and that Mickey's Hangover received a financial benefit from the exhibition of the Program, Randall Smith, therefore, had the right and ability to supervise the activity and had a financial interest in the activity.  As a result, Randall Smith can be held personally liable for the illegal exhibition of the program.[16]

Plaintiff does not cite, nor is the court aware of, any controlling authority which would support personal liability based on the above facts.  Moreover, Mr. Smith's answers to plaintiff's requests for admission create genuine issues of material fact as to personal liability.  Mr. Smith denies that he "was an individual with supervisory capacity and control over the activities occurring within the establishment of Mickey's a/k/a Mickey's Hangover on November 15, 2008."[17]  Smith also states that he "was not personally present and has no knowledge of what was broadcast."[18]

Plaintiff has also failed to establish as a matter of law that Mr. Smith, as a member of Clock Tower Operations, LLC, is liable for the alleged unlawful interception

---

[15] Doc. 27-1 at pp. 9-10.

[16] Doc. 27-3 at p. 11.

[17] Doc. 27-2 at pp. 7, 22.

[18] Doc. 27-2 at p. 22.

and exhibition of the Program. It is well established that limited liability companies are distinct legal entities, separate from their members, and that the acts of an LLC "are deemed independent of the acts of its members."[19] As such, members of an LLC are protected from some or all liability for acts of the LLC depending on state shield laws. Here, plaintiff has not provided any state authority supporting Mr. Smith's liability as a member of Clock Tower Operations, LLC based on the facts of this case.

Furthermore, although plaintiff has not requested summary judgment on the issue of damages, the court notes that the amount of a potential damages award is directly related to which statute applies, and thus the manner of interception. Plaintiff seeks statutory damages in the amount of up to $110,000 as to each defendant for willful violation of 47 U.S.C. § 605(a), or up to $60,000 as to each defendant for willful violation of 47 U.S.C. § 553, as well as an award of full costs, including attorneys' fees.

Under § 605(e)(3), an aggrieved party may recover "statutory damages for each violation of subsection (a) . . . in a sum not less than $1,000 or more than $10,000, as the court considers just."[20] In addition, where "the court finds that the violation was committed willfully and for purposes of direct and indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation

---

[19] *Abraham & Sons Enterprises v. Equilon Enterprises, LLC*, 292 F.3d 958, 962 (9th Cir. 2002).

[20] 47 U.S.C. § 605(e)(3)(C)(i)(II).

of subsection (a) of this section."[21]  Where the court finds the violator was unaware, the court may reduce the award of damages to an amount not less than $250.[22]

Under § 553, an aggrieved party may recover actual damages or "an award of statutory damages for all violations involved in the action, in a sum or not less than $250 or more than $10,000 as the court considers just."[23]  Where the court finds the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court may increase the award of damages, whether actual or statutory, by an amount of not more than $50,000.  Where the court finds the violator was unaware, the court may reduce the award of damages to an amount of not less than $100.[24]

In addition to the uncertainty over which statute applies, genuine issues of material fact exist as to whether any alleged violation was willful given Mr. Smith's statement that he was unaware of any broadcast.  "The remedial provisions in both Sections 553 and 605 take into consideration the degree of the violator's culpability and provide for reduced damages in those instances where the violator was unaware of the violation."[25]

---

[21] 47 U.S.C. § 605(e)(3)(B)(ii).

[22] 47 U.S.C. § 605(e)(3)(B)(iii).

[23] 47 U.S.C. § 553(c)(3)(A)(ii).

[24] 47 U.S.C. § 553(c)(3)(C).

[25] *Doherty v. Wireless Broadcasting Systems of Sacramento, Inc.*, 151 F.3d 1129, 1131 (9th Cir. 1998) (citing 47 U.S.C. § 553(c)(3)(C); 47 U.S.C. § 605(e)(3)(C)(iii)).

## IV. CONCLUSION

For the reasons set out above, plaintiff's motion for summary judgment at docket 27 is **DENIED**.

DATED this 7th day of June, 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE